1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   ARTHUR DEAN KNAPP,                      1:18-cv-00811-SKO (PC)

12                Plaintiff,
                                            ORDER DENYING MOTION FOR
13       v.                                 APPOINTMENT OF COUNSEL

14   MADERA COUNTY DEPARTMENT OF            (Doc. 3)
     CORRECTIONS, et al.,
15
                 Defendants.
16

17
          On June 14, 2018, plaintiff filed a motion seeking the appointment of counsel.  Plaintiff
18
     does not have a constitutional right to appointed counsel in this action, <u>Rand v. Rowland</u>, 113
19
     F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff
20
     pursuant to 28 U.S.C. § 1915(e)(1).  <u>Mallard v. United States District Court for the Southern</u>
21
     <u>District of Iowa</u>, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain
22
     exceptional circumstances the court may request the voluntary assistance of counsel pursuant to
23
     section 1915(e)(1).  <u>Rand</u>, 113 F.3d at 1525.
24
          Without a reasonable method of securing and compensating counsel, the court will seek
25
     volunteer counsel only in the most serious and exceptional cases.  In determining whether
26
     "exceptional circumstances exist, the district court must evaluate both the likelihood of success of
27
     the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the
28
                                              1

complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims. Id.

For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **June 18, 2018**                          /s/ *Sheila K. Oberto*
                                              UNITED STATES MAGISTRATE JUDGE