# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR DEAN KNAPP,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MADERA COUNTY DEPARTMENT OF CORRECTIONS, et. al.,<br><br>　　　　Defendants. | Case No. 1:18-cv-00811-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF FOR LACK OF JURISDICTION**<br><br>**(Doc. 8)**<br><br>**TWENTY-ONE (21) DAY DEADLINE**<br><br>**CLERK TO ASSIGN A DISTRICT JUDGE** |

## **FINDINGS**

### I. Introduction

Plaintiff, Arthur Dean Knapp, is a state prisoner proceeding *pro se* in this action under 42 U.S.C. § 1983. On July 20, 2018, Plaintiff filed a motion requesting an order directing the Madera County Department of Corrections to provide him "*pro per* phone lines" and "basic legal items that is (sic) provided to criminal *pro pers.*" (Doc. 8.) Plaintiff states that "inmates are entitled to adequate and equal rights," but when he asked for everything "criminal *pro pers*" receive, he was denied.

### II. Discussion

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103

1

S.Ct. 1660, 1665 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). The pendency of this action does not give the Court jurisdiction over prison personnel in general. *Summers v. Earth Island Institute*, 555 U.S. 488, 492-93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985). The Court's jurisdiction is thus limited to the parties in this action and to the cognizable legal claims upon which it proceeds. *Summers*, 129 S.Ct. at 1148-49; *Mayfield*, 599 F.3d at 969. As an initial matter and as stated in the recently issued screening order, Plaintiff has only stated a cognizable claim for excessive force against two correctional officers. As Plaintiff's motion is based on the actions of "Cpl. Quick" and "departmental policies," it must be denied for lack of jurisdiction.

Requests for prospective relief are further limited by 18 U.S.C. § 3626 (a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court ensure the relief "is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right." Plaintiff's request for items to facilitate his litigation efforts seeks relief beyond the claims raised in this action. This action is simply not the proper vehicle for conveyance of the relief Plaintiff seeks.[1] However, given the seriousness of Plaintiff's statements, a copy of this order and Plaintiff's motion will be served on the Litigation Coordinator at Madera County Department of Corrections to facilitate Plaintiff's access to items necessary to his litigation of this action.[2]

/ / /

/ /

---

[1] Plaintiff's motion also fails to make the requisite showing, supported by admissible evidence, to obtain a preliminary injunction. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20-4 (2008). It is unnecessary, however, to reach the merits of Plaintiff's motions in light of the fact that the jurisdictional issue is fatal to his requests for relief. *Summers*, 555 U.S. at 493; *Mayfield*, 599 F.3d at 969.

[2] The manner of addressing Plaintiff's concerns is left to the sound discretion of Madera County officials in light of Plaintiff's housing status and other custody or classification factors.

**RECOMMENDATIONS**

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for preliminary injunction, filed on July 20, 2018, (Doc. 8), be denied without prejudice. The Clerk of the Court is directed to randomly assign a district judge to this action and to forward a copy of Plaintiff's motion and this order to the Madera County Department of Corrections.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 21 days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 10, 2018**            /s/ *Sheila K. Oberto*
                                       UNITED STATES MAGISTRATE JUDGE