# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR DEAN KNAPP,<br><br>Plaintiff,<br><br>v.<br><br>MADERA COUNTY DEPARTMENT OF CORRECTIONS, et al.,<br><br>Defendants. | **1:18-cv-00811-LJO-SKO (PC)**<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND GRANTING EXTENSION OF TIME TO FILE SERVICE DOCUMENTS**<br><br>**(Docs. 20, 21)**<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On February 20, 2019, an order issued finding that Plaintiff stated cognizable claims and directing him to submit documents for service on the defendants within twenty-one (21) days. (Doc. 19.)

On March 4, 2019, Plaintiff filed a motion for appointment of counsel. (Doc. 20.) On March 8, 2019, Plaintiff filed a motion for an extension of time to file service documents. (Doc. 21.) Both of Plaintiff's motions are based on his inability to obtain copies of documents for pursuing this action.

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for*

1

*the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court, must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the Court cannot yet determine whether Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. *Id*. For the foregoing reasons, Plaintiff's motion for the appointment of counsel will be denied, without prejudice.

However, the difficulty Plaintiff is experiencing obtaining copies of documents is unacceptable. The exhibits to Plaintiff's motions show that he is being completely denied copies of documents for this action. While Plaintiff's is not entitled to free copies of documents, he must have access to copying documents sufficient to pursue this action without infringing on his constitutional right of access to court. How this is accomplished is left to the discretion of the Chief of the Madera County Department of Corrections, whose assistance is requested to facilitate an appropriate resolution of the issue. This situation amounts to good cause to grant Plaintiff's requested extension of time.

Accordingly, it is **HEREBY ORDERED** that Plaintiff's motion for appointment of counsel, filed on March 4, 2019 (Doc. 20) is **DENIED** without prejudice and Plaintiff's motion for an extension of time to file service documents is **GRANTED**. Plaintiff is granted **thirty (30) days** from the date of service of this order to submit the documents for service on Defendants in

this action.  The Clerk of the Court is directed to serve a copy of this order and Plaintiff's motions (Docs. 20 & 21) along with their exhibits on the Chief of the Madera County Department of Corrections, Manuel Perez, who is requested to facilitate Plaintiff's access to copies as necessary for Plaintiff to pursue this action.

IT IS SO ORDERED.

Dated:  **March 13, 2019**                         /s/ *Sheila K. Oberto*
                                                   UNITED STATES MAGISTRATE JUDGE