# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR DEAN KNAPP,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MADERA COUNTY DEPARTMENT OF CORRECTIONS, et. al.,<br><br>　　　　Defendants. | Case No. 1:18-cv-00811-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF FOR LACK OF JURISDICTION**<br><br>(Doc. 26)<br><br>TWENTY-ONE (21) DAY DEADLINE |

## **FINDINGS**

**I.　Introduction**

　　　　Plaintiff, Arthur Dean Knapp, is a state prisoner proceeding *pro se* in this action under 42 U.S.C. § 1983. On April 1, 2010, Plaintiff filed a motion requesting an order to show cause, contending that the Madera County Department of Corrections had prohibited him from obtaining copies of documents required to pursue this action. (Doc. 26.) Plaintiff's motion was construed as a motion for injunctive relief and Defendants were ordered to file a response, which they filed. (Docs. 32, 35.) The Court granted Plaintiff leave to file a reply, but he has failed to do so. (Doc. 37.) The motion is deemed submitted. L.R. 230 (l).

**II.　Discussion**

　　　　Requests for prospective relief are limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn,

1

extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." The pendency of this action does not give the Court jurisdiction over prison or jail officials in general or over the conditions of Plaintiff's confinement. *Summers v. Earth Island Institute*, 555 U.S. 488, 492-93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the cognizable legal claims upon which this action proceeds. *Summers*, 555 U.S. at 492-93; *Mayfield*, 599 F.3d at 969.

Plaintiff does not seek a temporary restraining order and/or preliminary injunction against any of the Defendants in this action. "A federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court*." *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added). Thus, Plaintiff's motion must be denied for lack of jurisdiction over the jail staff whom Plaintiff contends refused to make his requested copies for litigating this action.

Finally, the claims on which Plaintiff proceeds in this action arise from events that allegedly occurred at the Madera County Jail. However, Plaintiff was recently transferred and is currently housed at North Kern State Prison (NKSP). (Doc. 38.) Since Plaintiff's motion seeks relief to remedy his conditions of confinement for the time he was at the Madera County Jail, it was rendered moot upon his transfer to NKSP. *See Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995); *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991). Thus, Plaintiff's motion should be denied.

Plaintiff is not precluded from attempting to state cognizable claims in a new action if he believes his civil rights are being violated beyond his pleadings in this action. However, the seriousness of Plaintiff's accusations of events at the Madera County Jail cannot and do not overcome what is a *jurisdictional* bar. *Steel Co.*, 523 U.S. at 103-04 ("[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.") This action is simply not the proper vehicle for conveyance of the relief Plaintiff

seeks.

**RECOMMENDATION**

Based on the foregoing, the Court **HEREBY RECOMMENDS** that Plaintiff's motion for an order to show cause, filed on April 1, 2019, (Doc. 26), be **DENIED**.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 21 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. Local Rule 304(b). The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 6, 2019**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE