UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR DEAN KNAPP,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MADERA COUNTY DEPARTMENT OF CORRECTIONS, et al.,<br><br>　　　　Defendants. | 1:18-cv-00811-LJO-SKO (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 53) |

On November 14, 2019, Plaintiff Arthur Dean Knapp filed a motion seeking the appointment of counsel. (Doc. 53.) Plaintiffs do not have a constitutional right to appointed counsel in section 1983 actions, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent plaintiffs under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

The Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [petitioner] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

| | |
|---|---|
| 1 | Plaintiff has filed several prior motions for appointment of counsel, which have been denied. The Court does not find a change in circumstances, or the requisite exceptional circumstances to warrant a different outcome here. Even assuming Plaintiff is not well versed in the law and has made serious allegations that, if proven, would entitle him to relief, his case is not extraordinary. The Court is faced with similar cases almost daily. In addition, at this stage in the proceedings, the Court cannot make a determination as to whether Plaintiff is likely to succeed on the merits. |

Plaintiff has filed several prior motions for appointment of counsel, which have been denied. The Court does not find a change in circumstances, or the requisite exceptional circumstances to warrant a different outcome here. Even assuming Plaintiff is not well versed in the law and has made serious allegations that, if proven, would entitle him to relief, his case is not extraordinary. The Court is faced with similar cases almost daily. In addition, at this stage in the proceedings, the Court cannot make a determination as to whether Plaintiff is likely to succeed on the merits.

Plaintiff states that he has a "5.3 reading level" and received assistance from another inmate in preparing the present motion. (Doc. 53, p. 3.) However, upon reviewing Plaintiff's complaint and prior motions, the Court does not find that Plaintiff cannot adequately articulate his claims. Plaintiff also states that he is on psychotropic medication and suffering from post-traumatic stress disorder. (*Id.*) Plaintiff fails to demonstrate, however, that these medications or mental health issues prevent him from adequately presenting his claims.

For the foregoing reasons, the Court DENIES Plaintiff's motion for the appointment of counsel without prejudice.

IT IS SO ORDERED.

Dated: **November 18, 2019**    /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE